**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL FERNANDEZ-MENDOZA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-73515 <br><br> Agency No. A092-752-739 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Joel Fernandez-Mendoza, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the denial of a motion to reopen, and we review de novo questions of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying Fernandez-Mendoza's motion to reopen based on ineffective assistance of counsel, where he failed to establish prejudice resulting from his prior attorney's alleged ineffective assistance. *See id.* at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that he was prejudiced by counsel's performance); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We reject Fernandez-Mendoza's contention that the BIA applied an incorrect legal standard in its prejudice determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision).

Because the prejudice determination is dispositive, the BIA did not need to address Fernandez-Mendoza's contentions regarding his prior attorney's performance. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

**PETITION FOR REVIEW DENIED**.

14-73515